CHARLES MORGAN, Administrator, *v.* JACOB COFFMAN.

In the case of *Coffman* v. *Williams*, on a sale, *Cresup* as principal and *Morgan* (deceased) as surety,
gave a twelve months' bond for the price of the property. On the 19th of July, 1849, the Sheriff had
an execution on the bond, against *Cresup* and *Morgan*, and was about to levy, when, on the same
day, *Hudson*, the attorney at law of Coffman, and the Sheriff, meeting *Cresup*, *Hudson* directed the
Sheriff to return the execution, and took *Cresup's* draft on *Fellowes*, *Johnson* & *Co.*, of New Orleans,
payable to *Hudson's* order, on the 1st of the following November. *Hudson* endorsed the draft
"without recourse," and forwarded it to *Coffman*, who kept it "a long time." The draft was neither
accepted nor paid by *F., J. & Co.*, in whose hands *Cresup* had no funds. *Held :* If *Coffman* did not
approve of *Hudson's* arrangement, he should have ordered a new execution and returned *Cresup's*
draft. His long acquiescence discharged the surety.

APPEAL from the District Court, Ninth District, Parish of Point Coupée,
*Farrar*, J. *Lacoste*, for plaintiff. *Ratliff*, for defendant and appellant.

Plaintiff's counsel cited: 5 Ann. 222; 11 Rob. 33; 10 Rob. 412; 4 Rob. 276.

Defendant's counsel contended that there was no such granting of time as
impaired the remedies of the surety against the principal, and cited *Buckner* v.
*Watt*, 19 L. R. 211; *State Bank* v. *Harralson*, 2 Ann. 456; *Perkins* v. *Bank of
Louisiana*, 5 A. 225, 16 L. R. 133.

DUNBAR, J. This is an injunction sued out by the administrator of *Charles
Morgan*, deceased, to restrain the defendant from proceeding upon an execution
issued on a twelve months' bond given in the case of *Coffman* v. *Williams*, by
*John V. Cresup*, as principal, and *Charles Morgan*, deceased, as surety. The
plaintiff alleges that the surety has been released by the giving of time to
*Cresup*, the principal, by *Coffman*, without the consent of the surety. The
District Judge made the injunction perpetual, and the defendant has appealed.

It appears from the evidence of the Sheriff of the Parish of Pointe Coupée,
that, on the 19th of July, 1849, he had in his hands an execution issued on the
above twelve months' bond, against *Cresup* and his sureties, and on the same
day, he was about to levy the said execution, in company with *H. C. Hudson*,
the attorney-at-law of *Coffman*, when they met with *Cresup*, the principal on
said bond, and demanded payment of the execution, who told them that he had
funds with *Messrs. Fellowes, Johnson & Co.*, of New Orleans, and would give a
draft on them for the amount. That *Mr. Hudson* took the draft as proposed, on
*Fellowes, Johnson & Co.*, payable to his own order, on the first day of November
thereafter, and ordered the execution to be returned, which was accordingly
done. It further appears, that the draft was endorsed by *Hudson* without re-
course, and forwarded to *Coffman*, who having kept it a long time, in the lan-
guage of the witness, returned it to him, who produced it on the trial of the
cause, the same never having been accepted or paid by *Fellowes, Johnson & Co.*,
one of whom, in his deposition in the case, declares that *Cresup* had no funds
in their hands and had no right whatever to draw on them.

Under this statement of facts, we think the surety is discharged. If *Coffman*
did not approve of the return of the execution ordered by his attorney, and the
taking of the draft which was forwarded to him, he should immediately have
dissented and ordered another execution; his long acquiescence in this arrange-
ment must be considered as a prolongation of the term granted to the principal
debtor without the consent of the surety, which operates a discharge of the
latter. Civil Code, Art. 3032. See also the case of *John R. Shaw & Co.* v.
*John Nolan*, ante p. 25.

The judgment of the District Court is, therefore, affirmed, with costs.